# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCGRATH, ET AL.<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SOMERVILLE,<br><br>    Defendant. | Civil Action No. 1:17-cv-10979 |

## MOTION TO STRIKE PORTIONS OF THE AFFIDAVITS OF
## MICHAEL MCGRATH, JAMES MCNALLY, AND KEVIN GOULART

Defendant the City of Somerville (the "City") hereby moves to strike specific paragraphs from the affidavits of Michael McGrath (Dkt. 91-1, the "McGrath Affidavit"), James McNally (Dkt. 91-3 at 61-64, the "McNally Affidavit"), and Kevin Goulart (Dkt. 91-3 at 66-70, the "Goulart Affidavit"). These affidavits contains numerous inadmissible statements that are unsupported, conclusory, or inconsistent with prior testimony, and should be stricken from the record in this case. As addressed herein, the specific paragraphs that should be stricken are:

- Paragraphs 2, 3, 12, 14-17, 23-25, 29, 30, 32 and 34 from the McGrath Affidavit;
- Paragraphs 4, 6 and 7(D), (E), (G) from the McNally Affidavit; and
- Paragraph 8(D), (E), and (H) from the Goulart Affidavit.

**A.**     **Legal Standard**

The admissibility of an affidavit submitted in support of a motion for summary judgment is governed by Federal Rule of Civil Procedure 56(c)(4), which requires that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In deciding a motion for summary

1

judgment, "[a] court may take into account any material that would be admissible or usable at trial . . . [but] inadmissible evidence may not be considered." *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993). If evidence cannot be presented in a form that would be admissible at trial, the court may not rely on it. *See* Fed. R. Civ. P. 56(c)(2); *Gorski v. N.H. Dep't of Corr.*, 290 F.3d 466, 475-76 (1st Cir. 2002); *Vazquez v. Lopez–Rosario*, 134 F.3d 28, 33 (1st Cir. 1998). "Unsupported, subjective, conclusory, or imaginative" statements made within a summary judgment affidavit are not part of the summary judgment record. *Torrech–Hernandez v. Gen. Elec. Co.*, 519 F.3d 41, 47 (1st Cir. 2008) (statements that "amount to nothing more than self-serving, factually devoid declarations" are not given any weight).

A motion to strike is the appropriate means of objecting to the use of affidavit evidence on a motion for summary judgment. *See Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 682 (1st Cir. 1994). "[T]he moving party must specify the objectionable portions of the affidavit and the specific grounds for objection. Furthermore, a court will disregard only those portions of an affidavit that are inadmissible and consider the rest of it." *Id.* (citation omitted); *see also Perez v. Volvo Car Corp.*, 247 F.3d 303, 315–16 (1st Cir. 2001) ("[t]he rule requires a scalpel, not a butcher knife").

**B.      Testimony That Does Not Comport With Fed. R. Civ. P. 56(c)(4) Should Be Stricken.**

The McGrath, McNally, and Goulart Affidavits each contain statements that must be stricken from the summary judgment records because they are (1) not supported by personal knowledge, (2) impermissibly conclusory, or (3) inconsistent with the affiant's prior sworn testimony.

1.      Assertions Unsupported by Personal Knowledge.

The McGrath, McNally, and Goulart Affidavits are replete with assertions unsupported by

personal knowledge. An affidavit must be "made on personal knowledge" and "show affirmatively that the affiant is competent to testify to the matters stated therein." *Perez*, 247 F.3d at 315. "This standard is applied to 'each segment of the affidavit, not to the affidavit as a whole.'" *Orange Int'l Trading LLC v. Steinhauser, Inc.*, 2018 WL 5921642, at *3 (D. Mass. Nov. 13, 2018) (*quoting Perez*, 247 F.3d at 315). As a result, courts strike portions of affidavits where the affiant fails to affirmatively show that he possesses personal knowledge of particular topics addressed in the affidavit. *See Orange Int'l Trading LLC*, 2018 WL 5921642, at *3 (striking portions of affidavit where affiant failed to affirmatively demonstrate he had personal knowledge of those specific topics); *Perez*, 247 F.3d at 315 (explaining that affiant's statements about his employer's conduct before he joined company were insufficiently grounded in personal knowledge); *see also O'Donnell v. Robert Half Intern.*, 429 F. Supp. 2d 246, 250 (D. Mass. 2006) (rejecting affidavits of plaintiffs about the operations in other offices and divisions in which plaintiffs were not employed in class certification context).

      a.    *Statements in the McGrath Affidavit that are not based on personal knowledge must be stricken.*

The McGrath Affidavit fails to meet this standard of admissibility as to Paragraphs 15-17, 23-25, 29, 30, and 32, each of which deal with the operations of the City's detail office. Yet McGrath fails to demonstrate that he possesses *any* personal knowledge of the operations of the City's detail processes. He never avers that as a patrol officer he was assigned to work in the detail office, ever personally observed the processes undertaken in the detail office, or even sought out or received knowledge of the detail process. Moreover, he does not identify a single instance in which his duties as a Union President or as a patrol officer led him to information regarding the administrative practices of the detail office from May 2014 to the present. Instead, McGrath seeks refuge in his sweeping statement that he has "come to know the specific aspects of the City's

Police Departments [sic] operations and compensation practices," McGrath Affidavit, Background ¶ F, but such generalities are insufficient to demonstrate the personal knowledge of the operations of a specific office with which he has no direct experience.

The record evidence, including McGrath's own deposition testimony, affirmatively demonstrate the limits of his knowledge. In the past thirteen years, McGrath has never worked in the detail office. Declaration of Elizabeth Roche in Support of Defendant's Opposition to Plaintiffs' Partial Motion for Summary Judgment, dated March 14, 2019 (filed simultaneously herewith, the "E. Roche Decl."), ¶ 11. In fact, the only interactions that Elizabeth Roche, the senior detail coordinator, has had with McGrath related to police details were in relation to the few police details that he has worked. *Id.* And McGrath's deposition testimony makes clear that he has hardly worked any details since May 2014. Transcript of Michael McGrath, attached as Exhibit 3 to the Declaration of Timothy J. Buckley, Esq. In Support of Defendant's Opposition to Plaintiffs' Partial Motion for Summary Judgment, dated March 15, 2019 (filed simultaneously herewith), at 85-86 (estimating that he worked "no more than ten," and it "could be" than five, details since May 2014).

As McGrath failed to affirmatively demonstrate that he is competent to testify as to either conclusions of law or the detail process, the Court should strike Paragraphs 15-17, 23-25, 29, 30, and 32 from the McGrath Affidavit.

      b.    *Statements in the McNally and Goulart Affidavits that are not based on personal knowledge must be stricken.*

Finally, the McNally Affidavit and Goulart Affidavit contain specific averments regarding the hours worked on remote (and unremarkable, to the City's knowledge) dates in October 2017 and June 2017, respectively. *See* McNally Affidavit, ¶¶ 7(A)-(G); Goulart Affidavit, ¶¶ 8(A)-(H). McNally and Goulart provide no foundation to support their recollection of these distant times and

events, and produced no documents in this litigation that indicate that they actually worked the hours that they claimed to work during the respective weeks in question.[1] This is impermissible. *See Callahan v. City of Chicago*, 78 F. Supp. 3d 791, 825 n.36 (N.D. Ill. 2015) (noting that a proper foundation for the basis of affiant's memories must be laid before affiant can testify to the content of such memories); *Schuyler v. United States*, 987 F. Supp. 835, 840–41 (S.D. Cal. 1997) (affidavits relating remote memories of events insufficient to create a genuine issue of fact for purposes of summary judgment). Accordingly, the Court should strike the references to the hours actually worked in Paragraphs 7(D), (E), (G) of the McNally Affidavit and Paragraphs 8(D), (E), and (H) of the Goulart Affidavit.

    2.    <u>Unsupported Conclusory Assertions.</u>

The McGrath and McNally Affidavits also contain a handful of unsupported, conclusory assertions that should be stricken. "Unsupported, subjective, conclusory, or imaginative" statements made within a summary judgment affidavit are not part of the summary judgment record. *Torrech–Hernandez v. Gen. Elec. Co.*, 519 F.3d 41, 47 (1st Cir. 2008) (statements that "amount to nothing more than self-serving, factually devoid declarations" are not given any weight).

    a.    *Conclusory assertions in the McGrath Affidavit must be stricken.*

Conclusory assertions appear in Paragraphs 2, 3, 12 and 14 of the McGrath Affidavit, as follows:

- Paragraphs 2 and 3 -- in these Paragraphs, McGrath draws conclusions of law, including that the Union is an "'employee organization' under the state collective bargaining law, M.G.L. Chapter 150E, § 1" and that the City "is a public employer under the state collective

---

[1] This is a particular issue in this litigation, where the Collective Bargaining Agreement guarantees certain minimum numbers of hours for Contractual Overtime, irrespective of the number of hours actually worked. *See* Defendant's Statement of Undisputed Material Facts (Dkt. 95), ¶¶50-54 (describing Contractual Overtime). In light of that circumstance, records of the hours for which Plaintiffs were paid are not conclusive evidence of the hours that any individual actually worked.

bargaining law, M.G.L. Chapter 150E, § 1." McGrath provides no foundation for his ability to draw these conclusions of law.

- Paragraph 12 -- McGrath avers that "the City does not compensate for the time that Plaintiffs spend in attendance at roll call." This is again a legal conclusion, apparently drawn exclusively from an excerpt of the CBA. Again, McGrath states no basis for his personal knowledge or ability to draw a legal conclusion. To the extent that this statement is intended as a factual assertion, McGrath provides no basis for his alleged personal knowledge, including any assertions regarding his own attendance at roll call.

- Paragraph 14 -- McGrath avers that "Plaintiffs are required to work 1946.56 hours per year in exchange for base salary." This is again a legal conclusion, lacking in factual foundation, which is improper.

      b. *Conclusory assertions in the McNally Affidavit must be stricken.*

The McNally Affidavit contains similar unsupported, conclusory assertions. In Paragraph 6 of the McNally Affidavit, McNally asserts "I am given extra days off to equalize my schedule over a calendar year with another schedule pattern known as a 4-2 schedule . . . ." McNally provides no factual basis for his claimed knowledge that any additional days off allotted to officers who work a "5 and 2" schedule are intended "to equalize" schedules across all officers, and that statement should be stricken from the record.

The above-quoted portions of Paragraphs 2, 3, 12 and 14 of the McGrath Affidavit, and the excerpt of Paragraph 6 of the McNally Affidavit, respectively, should be stricken from the summary judgment record pending before the Court.

    3.    <u>Assertions Inconsistent with Prior Testimony.</u>

Finally, it is a basic tenet of summary judgment practice that "affidavits cannot be inconsistent with prior testimony. *See Federico v. Town of Rowley*, 2016 WL 7177888, at *2–3 (D. Mass. Dec. 7, 2016) (Saylor, J.) (striking affidavits inconsistent with prior testimony). Yet McGrath undertakes to do exactly that. In Paragraph 34 of the McGrath Affidavit, McGrath avers "[t]o my knowledge the City has never advised the patrol officers of the SPEA that it operated a work period under Fair Labor Standards Act, 29 U.S.C. § 207(k), and has not operated a work

6

period under Section 207(k)." However, this statement directly contradicts McGrath's prior sworn statement before the Department of Labor Relations. Specifically, on January 2, 2018, the Union filed a Charge of Prohibited Practice against the City with the Department of Labor Relations, alleging that the City "fail[ed] to give [the Union] notice and an opportunity to bargain regarding the decision . . . to adopt a special work period under Section 7(k) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(k) . . . retroactive to at least May 26, 2014." Defendant's Additional Undisputed Facts in Opposition to Plaintiffs' Motion for Summary Judgment, filed simultaneously herewith, ¶ 51. McGrath, as Union President, attested "under the pains and penalties of perjury that the information contained [in the Charge] is true and complete to the best of [his] knowledge and belief." *Id.* Because McGrath cannot now make sworn statements that directly contract his prior sworn statements, in an attempt to rehabilitate his claim that the City never operated a Section 207(k)-compliant work period, the Court should strike Paragraph 34 of the McGrath Affidavit.

WHEREFORE, the City respectfully requests that this Honorable Court:

A.     GRANT its Motion to Strike; and

B.     GRANT any other relief it deems just and proper.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I, Alison H. Silveira, hereby certify that counsel for City of Somerville conferred with Plaintiffs' counsel regarding the foregoing motion by email on March 15, 2019. Plaintiffs' counsel stated that his intends to oppose this motion.

/s/ *Alison H. Silveira*
Alison H. Silveira

Dated:  March 15, 2019

Respectfully submitted,

CITY OF SOMERVILLE,

By its attorneys,

*/s/ Alison H. Silveira*

Barry Miller, BBO #661596
Alison H. Silveira, BBO #666814
Timothy J. Buckley, BBO #691200
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
617-946-4800
bmiller@seyfarth.com
asilveira@seyfarth.com
tbuckley@seyfarth.com

Shannon Phillips, BBO #685450
David Shapiro, BBO #565564
Assistant City Solicitors
Law Dept., City Hall
93 Highland Avenue
Somerville, MA 02143
(617) 625-6600, ext. 4400
sphillips@somervillema.gov
dshapiro@somervillema.gov

**CERTIFICATE OF SERVICE**

I, Alison Silveira, hereby certify that on March 15, 2019 this document was filed through the Court's ECF system and that Plaintiffs' counsel includes registered users designated to receive Notices of Electronic Filings in this matter.

/s/  *Alison H. Silveira*